

# THE ATTORNEY GENERAL
## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

April 11, 1969

Senator William T. (Bill) Moore
State Capitol
Austin, Texas   78711

Dear Senator Moore:

Opinion No. M-370

Re:  Whether S. B. No. 683,
     by Schwartz, 61st Leg.,
     R. S., 1969, may
     originate in the Senate

In your capacity as Chairman of the Senate State Affairs Committee you ask our opinion whether Senate Bill 683 (by Senator Schwartz), now pending before your Committee in the Regular Session of the 61st Legislature, may be initiated in the Senate in view of Article III, Section 33 of the Constitution of Texas, which reads as follows,

> "All bills for raising revenue shall
> originate in the House of Representatives,
> but the Senate may amend or reject them as
> other bills."

Our answer to this question precludes our consideration of your second question.

Our opinion is that the primary purpose of this Bill is to raise revenue and that Article III, Section 33, of our Constitution prohibits its origin in the Senate.

Senate Bill No. 683 amends Article 13.02(1) of Title 122A, Taxation-General, Revised Civil Statutes, to primarily and materially increase the tax incident to the operation of coin-operated machines. The only tax imposed by the present Article 13.02(1) is an occupation tax of Ten Dollars ($10.00) on each "coin-operated machine". Senate Bill No. 683 increases the occupation tax incident to the operation of "coin-operated machines" in three respects, which are:

1) It increases the tax on billiard
   tables from $10.00 to $15.00;

2) It requires every "owner" of any
"coin-operated machine" to pay an
annual license fee of $500.00;

3) It requires each employee of an
"owner" to pay an annual license
fee of $5.00.

The State Comptroller advises us that during the fiscal
year ended August 31, 1968, the State issued permits to 4,713
"owners" of "coin-operated machines" and that the tax imposed
by Article 13.02(1) upon such machines yielded to the State
for that fiscal year the sum of $402,750.85. The fact that
all "owners" of such machines would be liable for a license
fee of $500.00 each and that each of their employees would be
liable for a license fee of $5.00 each, clearly means that
the State's revenue from this tax will be materially increased
beyond the $402,750.85 yielded by this tax for the fiscal year
ended August 31, 1968.

The Bill requires each "owner" of a "coin-operated
machine" and each of his employees to apply to the Comptroller
of Public Accounts on a form prescribed by him for a permit,
which shall be under oath. The application shall recite that
the applicant is of good moral character and has not been
convicted of a felony involving moral turpitude within the
immediately preceding three years and shall be accompanied by
a certificate from the Department of Public Safety reflecting
convictions, if any, of felony offenses of the applicant within
the preceding three years. The Bill further provides that
every such "owner" and each of his employees shall report to
the Consumer Credit Commissioner, in conformity to his regulations,
any loan they may make to any licensee or permitee under the
Texas Liquor Control Act.

The sum of Twenty-five Thousand Dollars ($25,000.00)
derived from the license fees under the present law is allocated
to the General Revenue Fund for enforcement of this tax.
Article 13.08, Title 122A. The net revenue from the tax imposed
on coin-operated machines is then allocated in the proportions
of one-fourth to the available School Fund and three-fourths to
the Omnibus Tax Clearance Fund. Articles 13.14 and 24.01 of
Title 122A. In this context we note that Article 7, Section 3
of the Constitution of Texas requires that one-fourth of the

revenue derived from the State Occupation Taxes shall be set apart to the available School Fund.

Our opinion, when we consider Senate Bill 683 as a whole and in the context of the inherent relevant facts herein-above recited, is that the primary purpose of the Bill and of the fees required by it is the raising of revenue and not regulation of the persons and properties taxed by it.

The controlling applicable law is stated in Hurt v. Cooper, 130 Tex. 433, 110 S.W.2d 896 (1937), wherein the Court said,

> "It is sometimes difficult to determine whether a given statute should be classed as a regulatory measure or as a tax measure. The principle of distinction generally recognized is that when, from a consideration of the statute as a whole, the primary purpose of the fees provided therein is the raising of revenue, then such fees are in fact occupation taxes, and this regardless of the name by which they are designated. On the other hand, if its primary purpose appears to be that of regulation, then the fees levied are license fees and not taxes. . . ." (at p. 899).

Our Supreme Court stated in City of Fort Worth v. Gulf Refining Co., 125 Tex. 512, 83 S.W.2d 610, 617 (1935) as follows,

> "An occupation tax is levied primarily for the purpose of raising revenue, and unless the measure before us is primarily a revenue measure, it is not an occupation tax. . . . A license law is one which confers upon those who comply therewith a right denied all others, and it is immaterial whether or not it provides a fee therefor. . . ."

At page 618 the Court stated another distinction between a license fee and a tax for revenue as follows:

> "As to the reasonableness of a license fee, the rule is that the sum levied cannot be excessive nor more than reasonably necessary to cover the costs of granting the license and exercising proper police regulation; or, as stated in another way, the sum

> levied should bear some reasonable
> relationship to the legitimate object of
> the licensing ordinances. . . . 'Where
> the exaction is imposed under the power to
> regulate or in the exercise of the police
> power, as distinguished from the power to
> tax for revenue, as heretofore explained,
> the general rule obtains that the sum
> levied cannot be excessive nor more than
> reasonably necessary to cover the costs
> of granting the license and of exercising
> proper police regulation. . . .'"

Accord, Gulf Ins. Co. v. James, 143 Tex. 424, 185 S.W.2d 966, 971 (1945).

## SUMMARY

Senate Bill No. 683, 61st Legislature,
Regular Session has for its primary
purpose the raising of revenue.

Article III, Section 33 of our State
Constitution prohibits its originating
in the Senate.

Very truly yours,

Crawford C. Martin
Attorney General of Texas

Prepared by W. E. Allen
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns B. Taylor, Chairman
George M. Kelton, Vice-Chairman
W. O. Shultz
Jack Sparks
Jack Goodman
Rex White

W. V. Geppert
Staff Legal Assistant